## URILDA SMITH *v.* BLOIS AND OTHERS.

Blois leased a warehouse from plaintiff, in which were certain goods bought by him. He transferred these goods to his vendor in part payment of the price, who sold them to other parties. Plaintiff sequestered the goods, and claimed upon them the lessors privilege. *Held:* that, as the transfer by the lessee, and subsequent sale by his vendor, took place before there was any default by the tenant to pay his rent, and before any action taken by the landlord, the lessor had no privilege.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Labatt*, for plaintiff and appellant. *Gedge* and *Bright* for defendants.

SLIDELL, J. The object of this action is to rescind a transfer of certain merchandize made by *Blois*, the plaintiff's tenant, to the vendor of the goods. At the time when this transfer was made, *Blois* seems to have been in embarassed circumstances. The goods were in the warehouse leased by the plaintiff to *Blois*; they were delivered from the warehouse to the vendor, who credited their value upon the debt due to him by *Blois* for their price, and afterwards sold the goods to another person. All this took place before there was any default by the tenant to pay his rent, and before any action taken by the landlord.

Under the above circumstances we think the revocatory action was properly

SMITH
*v.*
BLOIS.

dismissed. The case appears to us to be covered by the decision in *Walden* v. *Parish*, 7 Rob. 245. See also Civil Code, 2675, 2679, 3230, 2539.

Judgment affirmed; plaintiff to pay costs of appeal.